TRINETTE G. KENT (State Bar No. 222020)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiffs,
Curt and Samantha McLaughlin

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Curt and Samantha McLaughlin,<br><br>    Plaintiffs,<br><br>  vs.<br><br>Certified Recovery Group, LLC; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No.: 4:14-cv-4080<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET. SEQ*;**<br>**2. VIOLATION OF FAIR DEBT COLLECTION PRATICES ACT, CAL.CIV.CODE § 1788 *ET. SEQ*.**<br>**3. INVASION OF PRIVACY BY INTRUSION UPON SECLUSION**<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT FOR DAMAGES

For this Complaint, Plaintiffs, Curt and Samantha McLaughlin, by undersigned counsel, state as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), repeated violations of the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq.* ("Rosenthal Act"), and the invasions of Plaintiffs' personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. Plaintiffs, Curt McLaughlin (Mr. McLaughlin) and Samantha McLaughlin (Mrs. McLaughlin) together as ("Plaintiffs"), are adult individuals residing in Hidden Valley Lake, California, and are each a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, Certified Recovery Group, LLC ("CRG"), is a Florida business entity with an address of 1601 N. Palm Avenue, Suite 310B, Pembroke

Pines, Florida 3306, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by CRG and whose identities are currently unknown to Plaintiffs. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. CRG at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.** **The Debt**

8. Mrs. McLaughlin allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to CRG for collection, or CRG was employed by the Creditor to collect the Debt.

11. CRG attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.      CRG Engages in Harassment and Abusive Tactics**

12.     On or about July 10, 2014, CRG contacted Mrs. McLaughlin's stepfather in an attempt to collect the Debt.

13.     During the conversation with Mrs. McLaughlin's stepfather, CRG informed him that CRG needed to contact Mrs. McLaughlin in an effort to serve her papers and further stated that CRG had tried to serve Mrs. McLaughlin several times.

14.     During that same conversation, CRG told Mrs. McLaughlin's stepfather that Mrs. McLaughlin needed to begin repayment within 24 hours or the legal process would begin.

15.     On or around July 11, 2014, Mr. McLaughlin contacted CRG to inquire why CRG had contacted Mrs. McLaughlin's stepfather, indicated that it was attempting to sue Mrs. McLaughlin, and disclosed the nature of the call and the nature of the Debt.

16.     In response, CRG used a hostile, abusive, and harassing tone and stated that Mr. McLaughlin did not know what he was talking about and proceeded to hang up on him.

17.     On or about July 22, 2014, Mr. McLaughlin spoke with CRG once again. During that conversation, CRG imposed a deadline of 10:00 a.m. the following day, July 23, 2014, to receive a return call from Plaintiffs or CRG would file and serve suit.

18. The following day, July 23, 2014, CRG called Mrs. McLaughlin. Mrs. McLaughlin told CRG that she had retained an attorney and that it should call her attorney, to which CRG responded that it does not speak with lawyers and said, "We will see you in court." CRG then hung up the phone.

19. Mrs. McLaughlin made the last payment on the Debt on May 14, 2010; therefore, CRG is legally prohibited from filing suit on the Debt, as the statue of limitations has expired.

20. Upon information and belief, CRG had no intention of filing a lawsuit against Plaintiffs when it made threats to do so because it was not legally able to do so.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, *et seq.*

21. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. Defendants communicated with individuals other than Plaintiffs, the Plaintiffs' attorney, or a credit bureau, in violation of 15 U.S.C. § 1692c(b).

23. Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

24. Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

25. Defendants made false and misleading representations regarding the character, amount, or legal status of a debt, in violation of 15 U.S.C. § 1692e(2).

26. Defendants threatened to take action that cannot legally be taken or that is not intended to be taken, in violation of 15 U.S.C. § 1692e(5).

27. Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

28. Defendants used unfair or unconscionable means to collect or attempt to collect the debt, in violation of 15 U.S.C. § 1692f.

29. Defendants failed to send Plaintiff a 30-day validation notice with five days of the initial communication, in violation of 15 U.S.C. § 1692g.

30. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

31. Plaintiffs are entitled to damages as a result of the Defendants' violations.

## COUNT II
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 *et seq.*

32. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq.* ("Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

34. CRG, in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

35. Defendants failed to comply with the provisions of 15 U.S.C. § 1692, *et seq.*, in violation of Cal. Civ. Code § 1788.13(e).

36. Defendants communicated information about the debt to the Plaintiffs' extended family, without the intent of confirming the Plaintiffs' location and without consent from the Plaintiffs or the Plaintiffs' attorney, in violation of Cal. Civ. Code § 1788.12(b).

37. Defendants did not comply with the provisions of Title 15, § 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

38. Plaintiffs are entitled to damages as a result of the Defendants' violations.

## COUNT III
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

39. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. The Restatement of Torts, Second, § 652B defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of

another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

41. California further recognizes the Plaintiffs' right to be free from invasions of privacy, thus Defendants violated California state law.

42. Defendants intentionally intruded upon Plaintiffs' right to privacy by communicating and disclosing the nature of the Debt to Mrs. McLaughlin's stepfather.

43. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

44. As a result of the intrusions and invasions, Plaintiffs are entitled to actual damages in an amount to be determined at trial from Defendants.

45. All acts of Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants as follows:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

E. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

F. Punitive damages; and

G. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: September 9, 2014         TRINETTE G. KENT

By: */s/ Trinette G. Kent*
Trinette G. Kent, Esq.
Lemberg Law, LLC
Attorney for Plaintiffs,